IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOEL HENRY WEHUNT, <br> AIS 328785, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    CASE NO. 2:23-cv-424-ECM-JTA <br> ) |
| OFFICER HARRISON, | ) <br> ) |
| Defendant. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pro se Plaintiff Joel Wehunt, an inmate incarcerated at Hamilton Aged and Infirm Facility, filed this 42 U.S.C. § 1983 Complaint on June 23, 2022.[1] Doc. No. 1. This action is pending on Plaintiff's Amended Complaint filed November 13, 2023. Doc. No. 18.

The undersigned entered a procedural order on May 21, 2024, requiring Defendant Harrison to file a Special Report to Plaintiff's Amended Complaint. Doc. No. 21. On May 30, 2024, Defendant Harrison's copy of the Court's service package was returned as undeliverable. Consequently, the undersigned directed General Counsel for the Alabama Department of Corrections ("ADOC") to advise whether service for Defendant Harrison, identified by Plaintiff as a correctional officer at Draper Correctional Facility in February 2022, would be accepted by General Counsel and representation provided for him. Doc.

---

[1] By Order entered June 30, 2023, the United States District Court for the Northern District of Alabama severed Plaintiff's complaint filed against Defendant Harrison concerning matters which occurred at Draper and Kilby Correctional Facilities and transferred those claims to this Court. *See* Doc. No. 15.

No. 22 at 1. Alternatively, General Counsel was directed to provide the Court with the last known home or employment address, under seal, that the ADOC had on record for Defendant Harrison. *Id.* In response, General Counsel notified the Court that a search of ADOC employee records failed to show that an officer by the last name of Harrison was employed at Draper at the time of the incident alleged in the Amended Complaint. Doc. No. 24.

On July 16, 2024, the undersigned entered an Order notifying Plaintiff of ADOC General Counsel's response and requiring Plaintiff to provide the Court with the correct identity of Defendant Harrison or the correct address at which he could be served if Plaintiff desired to continue with this case. Doc. No. 25 at 1. Plaintiff was ordered to provide the requested information by July 30, 2024. *Id.* Plaintiff was cautioned that if he failed to comply with the July 16 Order, Defendant Harrison would not be served, and he would not be considered a party to this action. *Id.* Additionally, the July 16 Order, citing Rule 4(m) of the Federal Rules of Civil Procedure, advised that a failure to effect service on Defendant Harrison might result in dismissal of this case. *Id.* To date, nearly three months later, Defendant Harrison has not been served nor has Plaintiff filed a response to the July 16 Order.

Plaintiff's suit against Defendant Harrison is due to be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) requires that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. Fed. R. Civ. P. 4(m). Plaintiff's 90-day period for serving the Amended Complaint on Defendant

Harrison expired on February 12, 2024.[2] The undersigned finds nothing in the record warranting an extension of Plaintiff's time for serving Defendant Harrison[3] and Plaintiff did not provide the correct identity or address for Defendant Harrison by the court's deadline. Accordingly, Plaintiff's Amended Complaint against Defendant Harrison is due to be dismissed under Rule 4(m).

For these reasons, the Magistrate Judge RECOMMENDS as follows:

1. Plaintiff's Amended Complaint against Defendant Harrison be DISMISSED without prejudice under Fed. R. Civ. P. 4(m).

2. This CASE be closed.

3. No costs be taxed.

It is ORDERED that by **October 30, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in

---

[2] Since expiration of the 90-day period fell on Sunday, February 11, 2024, the period expired the following Monday. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[3] Under the circumstances of this case, the undersigned concludes that the running of the applicable limitation period during the pendency of this action does not warrant an extension of the time for service. *See Bos. v. Potter*, 185 F. App'x. 853, 854 (11th Cir. 2006) (explaining that "[w]hile the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight."); *Grier v. Lee Cnty. Comm'n*, No. 3:16-CV-931-SRW, 2019 WL 919005, at *4 (M.D. Ala. Feb. 25, 2019) (internal quotation marks and citation omitted) ("To excuse Plaintiff's failure to comply with Rule 4(m) at this juncture would permit the exception to swallow the rule, and would be inconsistent with the purpose of the civil rules, which is to secure the just, speedy, and inexpensive determination of every action and proceeding.").

detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th CIR. R. 3–1.

DONE this 16th day of October, 2024.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE